A. D. WILLIAMS, ET AL., v. McMAHON & MATTINGLY.

**Demurrer for Defect of Parties.**

> Where the petition shows that there is a defect of parties, such defect must be taken advantage of by demurrer, and if the party fails to demur the objection is waived.

**Administration of Estate.**

> Where a person has been dead five years and no administration had of his estate, there is a strong presumption that he owed no debts, or that the creditors had abandoned their claims, or that his heirs had paid the debts without administration.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### October 25, 1877.

OPINION BY JUDGE ELLIOTT:

The appellees brought this suit in the Daviess Circuit Court, and substantially charged that they had obtained judgment and had a return of no property found against W. A. Williams for the sum of $67.54, and that they held a note against him for $52.24.

They aver that Alexander Williams, the father of W. A. Williams, sold to his son, A. D. Williams, a tract of land at the price of $2,445, payable annually at the rate of $150 per year, the first payment being due the first of March, 1868, and the last the first of March, 1883. They charged that a lien had been reserved in the deed from Alexander Williams to A. D. Williams for the purchase money, and that Alexander Williams departed this life about five years before the institution of this suit. They make all Alexander Williams's heirs-at-law defendants except Ellen Mudd, and state that A. D. Williams still owes all the purchase money for the land, and that W. A. Williams, this debtor, is entitled as a distributee of A. Williams to one-seventh of it. A summons was executed on each of the defendants, who failed to answer, and a personal judgment was rendered against A. D. Williams for the amount of the plaintiff's claim; and it was adjudged further that he have credit for the amount thereof in the settlement and distribution of his father's estate as paid by him for his brother, W. A. Williams.

It is now objected by appellants that Mrs. Mudd was a necessary party and was not before the court. By Sec. 120 of the Civil Code a defect of parties, which is shown by the petition, must be taken ad-

vantage of by demurrer, and by Sec. 123, if the party fails to demur, the objection is waived.

But it is contended that, as no administrator had been appointed on the estate of Alexander Williams, no suit could be brought against his heirs-at-law.

The petition charges that Alexander Williams had been dead five years, and as the administrator is intended to represent the creditors, the object of administration being for the payment of the decedent's debts, the presumption is pretty strong that the decedent owes no debts, or that the creditors of his estate had abandoned the idea of enforcing payment of their claims, or that his heirs-at-law had settled his debts without administration, which is sometimes done.

At any rate we are of opinion that the failure to administer on A. Williams's estate after five years from his death ought not to prevent a creditor of one of his distributees from enforcing his claim against him for his distributive share, especially as he admits by his failure to answer that his interest in the estate is greatly more than the plaintiff's debt, and as A. D. Williams admits by his failure to answer that he owes W. A. Williams a sum greater than the plaintiffs' claim he is not prejudiced by the judgment. The appellees had tested W. A. Williams's solvency by a return of no property found on one of their claims.

Still, as the appellees garnisheed a particular fund in the hands of A. D. Williams and the grounds of the attachment were admitted, as well as the justice of the debt, the court's judgment did not prejudice the garnishee or the debtor.

Wherefore the judgment is *affirmed.*

*Owen & Ellis, for appellants.   W. N. Sweeney, for appellees.*